24126. HAMMONTREE *et al v.* MORELAND.

STEPHENS, J. 1. Where the sole defense filed by the two defendants to the notes sued on, which had been executed to the plaintiff by another person as principal for the purchase-money of two mules, title to which had been retained in the payee, was that the defendants signed the notes after their execution and after they had become due, that the consideration was the

settlement of a criminal prosecution against the maker of the notes, and that for this reason the consideration was illegal and immoral and the defendants were not liable, the admission in evidence of a parol agreement between the plaintiff and the defendants, by which the defendants were given time beyond the maturity of the notes to pay them, a charge of the court in referring to the defendants' contract as that of suretyship, rather than as one of guaranty, and a failure of the court to instruct the jury that threats of imprisonment, made against a person closely related by kinship to the defendants, when made to induce the making of the contract, voided the contract, could not have prejudiced the jury against the defendants upon the sole issue whether the consideration for signing the notes was criminal and illegal, and the admission of such evidence, and the charge of the court and the failure to charge, were harmless to the defendants.

2. A charge that the plaintiff contends that not only was the original maker of the note bound, but that these defendants, on account of having signed the notes, were likewise bound, and that the plaintiff is entitled to a verdict at your hands against the three, was merely a statement of the contention of the plaintiff, and is not subject to the objection that it was argumentative and amounted to the direction of a verdict against the defendants.

3. While there was adduced evidence that at the time of the signing of the notes by the defendants the plaintiff had instituted foreclosure proceedings against the original maker of the note, and that there was a "settlement of the foreclosure," and that by the signing of the notes the foreclosure was "stopped," it appears, from the uncontradicted evidence, that the plaintiff afterwards foreclosed, and, although the evidence authorized the inference that the foreclosure proceedings were delayed by the defendants' signing the notes, there was no evidence that, as a consideration therefor, the plaintiff relinquished or satisfied any lien, or right, title, or interest in the property sold to which the plaintiff may have claimed title as security for the debt, and there was evidence to authorize the inference that the defendants' signed the notes for the purpose of settling a criminal prosecution, it was error, calculated to prejudice the jury against the defendants, for the court to charge that "there is sufficient consideration to support an agreement to answer for the debt of another when the creditor is thereby induced by the promisor to relinquish a valuable lien which he had acquired upon the property to secure the original debt." This error in the charge demands a new trial to the defendants.

4. The alleged error arising out of remarks made by the judge in a colloquy between the judge and the foreman of the jury, after the jury had brought in and announced a verdict for the plaintiff, is not likely to recur on another trial, and, since a new trial is granted, it is not necessary to pass upon this assignment of error.

5. The court erred in overruling the defendants' motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 22, 1935.

*J. Roy McGinty, Jesse M. Sellers,* for plaintiffs in error.
*R. Noel Steed, H. H. Anderson,* contra.